KEAN v. WOLOK.

1. FRAUD—BURDEN OF PROOF—DOWN PAYMENT IN LAND CONTRACT.
   In action against parties to a land contract for fraudulent repre-
   sentations as to down payment recited therein, brought by pur-
   chaser of vendor's interest, plaintiff has the burden of proof.

2. SAME—RELIANCE ON REPRESENTATIONS—DOWN PAYMENT IN LAND
   CONTRACT.
   Purchaser of vendor's interest in land contract for $5,900 which
   recited down payment of $1,000 and balance of $7,500 pay-
   able at $65 per month, whereas in fact down payment was
   $150 with allowance of $850 for various improvements to be
   made which actually were made for $500, held, not entitled to
   recover for alleged fraud where evidence indicates plaintiff
   relied on his own judgment and not on any representations by
   any defendant.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted October 13, 1936. (Docket No. 81, Cal-
endar No. 39,036.) Decided December 28, 1936.

Case by Abraham Kean against Sam Wolok and
wife, Dolph Trongo and wife and Nathan P. Rossen,
for damages for fraudulent misrepresentation of
the amount of a down payment on a land contract.
Judgment for defendants. Plaintiff appeals. Af-
firmed.

*Herbert J. Pevos,* for plaintiff.

*N. C. Zack,* for defendants Wolok.

*Alfred A. Klunover, Morton M. Grass* and *Leon-
ard Simon,* for defendants Trongo.

*Joseph A. Cassese,* for defendant Rossen.

Fead, J.   August 31, 1929, Wolok sold premises in Detroit to Trongo on contract reciting down payment of $1,000 and balance of $7,500, payable at $65 per month.

April 10, 1930, Wolok sold his vendor's interest to plaintiff Kean for $5,900.  The transaction was handled for plaintiff by his son Sam, a sort of general agent for his father, with power of attorney, with broad experience in real estate and land contract transactions, who impressed the circuit court as being a businesslike gentleman and whom the court doubted could be defrauded in the manner claimed in the record.  Defendant Rossen handled the transaction as salesman for Wolok, the latter having no personal contact with Kean.

Sam Kean examined the property and relied upon his own appraisal of its value.  He talked with Trongo to ascertain whether he was satisfied with the contract and to find out his financial condition and the probabilities of his making the payments. He claimed both Rossen and Trongo told him the down payment of $1,000 had been made.  Both denied making the statement.

In May, Kean was told by Mrs. Trongo that the down payment had been only $150.  He claims he complained to Wolok of having been defrauded, offered the deed and assignment back, and demanded return of his money but Wolok refused to let him into the house and told him he was out of luck. Wolok denies that any deed was tendered to him.

Kean made three payments on the mortgage and continued to collect from Trongo until May, 1932. Thereafter he served some notices of forfeiture or to quit on Trongo and, in November, 1932, Trongo surrendered the contract to Kean and about that time became a voluntary bankrupt.

In December, 1932, Kean commenced this suit for damages for fraudulent misrepresentation that the down payment on the original contract was $1,000. On trial before the court without a jury, defendants had judgment.

At the trial Wolok and Trongo admitted the down payment was only $150, but claimed that, at the time of execution of the contract, the premises were not improved, they needed fencing, sodding, garage, window shades, etc., and that they agreed that Trongo should do the work and have credit for $850 on the contract, to be included in the down payment. The improvements were made before the sale to plaintiff but the cost of the garage, grading, sodding and fencing, aggregating $500, constituted the only testimony of the amount expended. The court accepted defendants' claim of the manner in which the down payment was made up.

The case is one in which a view of the witnesses would be particularly valuable. As it appears on the printed page, the testimony conveys few substantial impressions of fraud. The most definite impression we have is that Kean purchased the contract on his own judgment and not in reliance on any representations, oral or written, of any defendants. Consequently, as plaintiff has the burden of proof, we cannot hold that the judgment for defendants was against the weight of the evidence. Nor do we find anything in plaintiff's showing on motion for new trial which could affect the outcome.

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.